```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JASON ARTHUR,                        )
      Petitioner                     )
                                     )
            v.                       )   C.A. No. 03-10033-MLW
                                     )
                                     )
UNITED STATES OF AMERICA,            )
      Respondent                     )
```

MEMORANDUM AND ORDER

WOLF, D.J.

I. INTRODUCTION

Pro se petitioner Jason Arthur seeks relief pursuant to 28 U.S.C. §2255. Senior Judge Robert E. Keeton denied the petition, but allowed the petitioner's motion for a certificate of appealability ("COA") under 28 U.S.C. §2253. Because Judge Keeton did not "state which issue or issues satisfy the standard set forth in 28 U.S.C. §2253(c)(2)[,]" the Court of Appeals for the First Circuit remanded the matter to the District Court with the request for specification as to the "issue/s for which the certificate was granted." Judge Keeton retired from the federal bench and the petitioner's motion was reassigned to this court. As the petitioner had failed to identify the particular issues as to which a COA is sought, the court denied the motion without prejudice to possible reconsideration. See Feb 12, 2007 Order. On the date that his motion for reconsideration was due, the petitioner filed for an extension of time. Then, within the time requested, the petitioner

1

filed a memorandum arguing that a COA is appropriate to determine whether trial and appellate counsel were inadequate and whether prosecutorial misconduct denied him due process.

Under §2253, the court may not issue a COA unless the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To succeed, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller-El v. Cockrell, 537 U.S. 332, 338 (2003) (internal quotation marks omitted). A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2241 et seq, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

For the reasons discussed in this Memorandum, the motion for a COA is being allowed to determine whether the petitioner had cause and prejudice for his failure to raise at trial the prosecutor's improper remarks. It is being denied as to his other claims.

II. DISCUSSION

    A. <u>Trial Counsel Was Not Arguably Ineffective</u>

        1. <u>Trial Counsel Did Not Undermine the Petitioner's Right to Testify</u>

Judge Keeton held that trial counsel undisputably informed the petitioner of his right to testify, the petitioner demonstrated an awareness of his right, and the petitioner raises no evidence of coercion on the part of trial counsel. These facts are not contested by the petitioner and they foreclose his claim. <u>See</u> <u>Lema v. United States</u>, 987 F.2d 48, 52 (1st Cir. 1993) (where counsel informed the petitioner of his right to testify, counsel is not ineffective unless he coerced the petitioner not to testify).

        2. <u>Trial Counsel Did Not Fail to Investigate</u>

Rejecting the petitioner's second claim, Judge Keeton found, as a factual matter, that trial counsel did investigate. Feb. 15, 2006 Mem. and Order at 16, 19. The petitioner raises no facts that suggest that this conclusion was error.

        3. <u>Trial Counsel Was Not Ineffective For Failing to Seek A Lesser Included Offense Instruction</u>

Contrary to the petitioner's argument, Judge Keeton found that the trial record did not support a finding of simple possession under 21 U.S.C. §841(a)(1) (2002) rather than possession with intent to distribute under 21 U.S.C. §841(a)(1) (2002). Feb. 15, 2006 Mem. and Order at 23. Evidence in the record included

possession of over 300 grams of crack-cocaine, numerous bags use in the drug trade, a scale used in the drug trade, and $2,000 in cash as well as testimony from various witnesses that the petitioner was a drug dealer. Id. In the words of Judge Keeton, it is "incredible" to believe that the defendant did not have the intent to distribute five grams of cocaine based under §841. Id. at 24. Under Judge Keeton's accounting of the facts, which are not disputed, trial counsel was not even debatably ineffective for his failure to request a lesser included offense jury instruction.

       4. <u>Trial Counsel Was Not Ineffective For "Incriminating" the Petitioner</u>

The petitioner contends that trial counsel was ineffective for seeming to concede the petitioner's possession of narcotics. Judge Keeton held that the argument was without merit because counsel's arguments were made in the alternative and intended to avoid a RICO conviction. Feb. 15, 2006 Mem. and Order at 27-28. Concessions for such purposes are proper tactical decisions. <u>See, e.g.</u>, <u>United States v. Taberes</u>, 951 F.2d 405, 409 (1st Cir. 1991). As such, the concessions alone are insufficient to demonstrate ineffectiveness, and the petitioner raises no evidence that concession was improper given the fact particular to his case.

       5. <u>Trial Counsel Was Not Ineffective For Failing To Challenge Jury Selection Procedure</u>

Prior to the petitioner's trial, the First Circuit rejected a

challenge to Hispanic representation on the jury venire. United States v. Pion, 25 F.3d 18 (1st Cir. 1994). Shortly thereafter, the court rejected a similar challenge to representation by African Americans. United States v. Royal, 174 F.3d 1 (1st Cir. 1999). Given these holdings, trial counsel was not ineffective for failing to raise what would have been a failed constitutional challenge to the jury selection.

While a statutory challenge to jury selection in this District succeeded in United States v. Green, 389 F. Supp. 2d 29, 36 (D. Mass. 2005) (interpreting Jury Selection and Service Act, 28 U.S.C. § 1861 et seq.), that claim was novel when raised. Trial counsel cannot be considered objectively unreasonable for his failure to raise a novel claim that was not successful until several years after the petitioner's conviction. This conclusion is not debatable.

6. Trial Counsel's Illness Did Not Render Him Ineffective

While the petitioner contends that trial counsel was too ill to be effective, Judge Keeton found that the alleged illness was nothing more than "soreness in the shoulder and wrist experienced on the first day of trial as a result of moving a heavy load of case files." Feb. 15, 2006 Mem. and Order at 31. Moreover, counsel was examined and cleared by a doctor and informed the court of such. Id. Finally, Judge Keeton provide an "in-depth review of the trial transcript" and found that counsel "never missed a day of

trial, conducted skillful cross-examination of the government's witnesses, conducted solid direct examination of his own witnesses, delivered strong opening and closing arguments, raised numerous objections throughout trial, and managed to convey his theory of the case to the jury." Id. at 31-32. Given these uncontroverted facts, it is not debatable that trial counsel was not ineffective by virtue of his "illness."

### B. Appellate Counsel Was Not Arguably Ineffective

#### 1. Substitute Counsel

Judge Keeton held that counsel, who served at both the trial and appellate level, was not ineffective at the latter for his failure to object to the denial of the petitioner's request for substitute counsel. He explained that the magistrate judge did not abuse his discretion in declining the request because the conflict between attorney and client was not great and the court's inquiry into the matter was extensive. Feb. 15, 2006 Mem. and Order at 35. The petitioner raises no facts to suggest that the conflict was great or that the magistrate judge did otherwise abuse his discretion. Accordingly, Judge Keeton did not arguably err.

#### 2. Failure to Raise Other Claims

The petitioner contends that counsel was ineffective at the appellate level for failure to object to his own errors at trial. As the alleged errors do not even arguably exist, counsel was not arguably ineffective at the appellate level for his failure to

raise them.

C. <u>There Was No Arguable Brady Violation or Suborning of Perjury</u>

The petitioner contends that he was denied due process because the prosecution suppressed evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). More specifically, the petitioner contends that the government suppressed the testimony of Antwan Lawson. Judge Keeton explained that the petitioner knew of Lawson and his potential testimony, it was defense counsel's choice not to call Lawson to the stand, and the government did nothing to make Lawson unavailable. Feb. 15, 2006 Mem. and Order at 41. Therefore, there was no <u>Brady</u> violation, arguably or otherwise.

The petitioner also argues that the government suborned perjury from two witnesses. As Judge Keeton held, there is no evidence that the government's witnesses lied let alone that the government knew of or encouraged false testimony. <u>Id.</u> at 42. As such, Judge Keeton did not arguably err by rejecting the petitioner's claim.

D. <u>A COA Will Issue For The Issue of Improper Prosecutorial Comments</u>

The petitioner contends that he was denied due process because the prosecutor stated to the jury his personal beliefs about the conclusions to be drawn from the evidence. Judge Keeton agreed that the government had made improper and troubling remarks at closing.

7

Id. at 44. However, the petitioner failed to raise this claim at trial. Id. at 43. As such, he is procedurally defaulted and may not raise his claim in this §2255 petition unless he shows cause and prejudice for his default. United States v. Frady, 456 U.S. 152, 168 (1982); Ellis v. United States, 313 F.3d 636, 645 (1st Cir. 2002).

Though he recognized the procedural default, Judge Keeton mistakenly reviewed the claim for clear error. Feb. 15, 2006 Mem. and Order at 43. As Judge Keeton applied the wrong legal standard, it is difficult to evaluate the potential validity of the petitioner's claim. The Court of Appeals may wish to give the petitioner an opportunity to meet the cause and prejudice standard. As such, a COA is proper for this issue.

III. ORDER

Accordingly, it is hereby ORDERED that:

1. Petitioner's Motion for Enlargement of Time (Docket No. 24) is ALLOWED.

2. Petitioner Application for a Certificate of Appealability (Docket No. 25) is ALLOWED to determine whether the petitioner has cause and prejudice for his procedural default and DENIED on all other grounds.

                                                  /s/ Mark L. Wolf
                                                  UNITED STATES DISTRICT JUDGE